UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TIRRELL L. CLEMMONS,

    Movant,

v.

Case No. 1:19-CV-636
(Criminal Case No. 1:98:CR:229-02)

UNITED STATES OF AMERICA,

HON. GORDON J. QUIST

    Respondent.

_____/

# MEMORANDUM

Pursuant to the Court's August 7, 2019, Order (ECF No. 3), Movant, Tirrell Clemmons, has filed a response setting forth his reasons why the Court should not dismiss his § 2255 motion as time-barred. The limitations period applicable in this case is set forth in 28 U.S.C. § 2255(f)(1): one year from "the date on which the judgment of conviction becomes final." Clemmons's one-year period commenced 90 days after February 18, 2003—the date the Sixth Circuit issued its mandate—or May 19, 2003.[1] *See Cradler v. United States*, 891 F.3d 659, 665 (6th Cir. 2018) ("When, as here, the U.S. Court of Appeals affirmed a criminal judgment, but the defendant did not file a petition for a writ of certiorari with the Supreme Court, his judgment is deemed to be final when the time for filing such a petition expired (i.e., 90 days after the U.S. Court of Appeals entered judgment)."). Thus, Clemmons had until May 19, 2004 to file his § 2255 motion. His instant § 2255 motion is more than 15 years too late.

---

[1] In its August 7, 2019, Order, the Court stated that Clemmons filed a petition for writ of certiorari to the United States Supreme Court. In his response, Clemmons states that he never filed anything in the Supreme Court. Regardless, as noted in *Cradler*, the 90-day period for filing a petition in the Supreme Court extends the commencement of the one-year period, regardless of whether the defendant seeks relief in the Supreme Court.

The one-year limitations period is subject to equitable tolling. *Moore v. United States*, 438 F. App'x 445, 449 (6th Cir. 2011) (citing *Hargrove v. Brigano*, 300 F.3d 717, 719 (6th Cir. 2002)). However, "federal courts grant such relief sparingly." *Id.* A movant is "'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (quoting *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562 (2010)). A movant bears the burden of showing that equitable tolling is appropriate. *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

Clemmons fails to present any evidence that he has been pursuing his rights diligently over the last 15 years. As the Court noted in its August 7 Order, in 2005, Clemmons had the wherewithal to file a "Motion for Re-Sentencing/Sentencing Adjustment," which this Court construed as a § 2255 Motion, which itself was untimely. Moreover, Clemmons fails to identify extraordinary circumstance that prevented him from filing a timely § 2255 motion.[2]

In his response, Clemmons states that his motion was delayed because the law and issues are complex and he has a limited education. Such assertions are insufficient to warrant equitable tolling. The fact that a movant is untrained in the law, denied access to a law library, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does

---

[2]Clemmons also cites 28 U.S.C. § 2241, 18 U.S.C. § 3582(c)(2), Federal Rule of Civil Procedure 60(b), Federal Rule of Criminal Procedure 52(b), and the All Writs Act, 28 U.S.C. § 1651, as bases for his motion. None of these statutes and rules provides a basis for Clemmons's motion. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (noting that § 2241 applies to claims against the prisoner's custodian challenging the execution or manner in which the sentence is served, which must be filed in the district having jurisdiction over the petitioner's custodian); *United States v. Diaz*, 79 F. App'x 151, 152 (6th Cir. 2003) ("A party may not seek relief from a criminal sentence under Fed. R. Civ. P. 60(b), because Rule 60(b) is not applicable to criminal proceedings."); *McCaskill v. United States*, No. 02-80216-02, 2017 WL 3720459, at *2 (E.D. Mich. Aug. 28, 2017) ("Because § 2255 provides petitioner with the means to challenge the constitutionality of his sentence, it is that statute, and not the All Writs Act that provides the authority for reviewing petitioner's allegedly unconstitutional federal sentence."). Moreover, Clemmons may not argue that "§ 2255 relief is unavailable merely because the limitations period has expired." *United States v. Clark*, No. 98-4213, 2000 WL 876760, at *1 (6th Cir. June 23, 2000) (citing *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999)).

not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2006); *Brown v. United States*, No. 01-1481, 2001 WL 1136000, at *3 (6th Cir. Sept. 21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218–19 (6th Cir. 1999)); *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir. 1999). As one district court in the Sixth Circuit has noted, "[c]ourts in this circuit have consistently found that extraordinary circumstances, justifying equitable tolling, do not exist simply because a petitioner: (1) is untrained or ignorant of the law; (2) reads and writes poorly; (3) does not have access to or cannot afford professional legal assistance; or (3) [sic] received bad legal assistance." *Boylen v. Hudson*, No. 5:07CV1697, 2008 LW 3822291, at *7 (N.D. Ohio May 15, 2008) (citations omitted). Accordingly, Clemmons fails to demonstrate that he is entitled to equitable tolling.[3]

Having concluded that Clemmons is not entitled to equitable tolling, the Court must next determine whether a certificate of appealability should issue under 28 U.S.C. § 2253(c)(2). A certificate should issue if a movant has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of certificates of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

---

[3]Clemmons does not argue that he is entitled to equitable tolling based on "actual innocence." *See McQuiggen v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924 (2013). To establish actual innocence, "[t]he evidence must demonstrate factual innocence, not mere legal insufficiency." *Patterson v. Lafler*, 455 F. App'x 606, 609 (6th Cir. 2012) (citing *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998). Nothing in Clemmons's motion suggests that he could make such an argument, as his claims do not assert factual innocence.

3

constitutional claims debatable or wrong." The Court concludes that reasonable jurists could not find this Court's conclusion that Clemmons is not entitled to equitable tolling debatable or wrong. The Court will thus deny Clemmons a certificate of appealability.

A separate Order will enter.


Dated: September 23, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE